# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO.:

**DEBORAH JONES,**

    **Plaintiff,**

v.

**ATKORE PLASTIC PIPE CORPORATION,**
**a Foreign Profit Corporation,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR DECLARATORY RELIEF

Plaintiff, DEBORAH JONES ("Ms. Jones" or "Plaintiff") files this Complaint against Defendant, ATKORE PLASTIC PIPE CORPORATION, ("Atkore" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

1

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Hillsborough County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Jones worked for Atkore as a Human Resources Generalist from February 15, 2016, until her termination on July 1, 2019.

8. During her time with Atkore, Ms. Jones was a reliable and excellent employee, and had no significant history of attendance, tardiness, or disciplinary issues.

9. Ms. Jones wisely and responsibly attempted to police Atkore's PVC product manufacturing facility in Tampa, Florida, to stamp out sexism, racism, and hostility, and to improve employee working conditions and plant safety at all times.

10. Unfortunately, individuals in Atkore's employ, including Wayne Pegram and Phillip Pollizzotto, made Ms. Jones's tireless efforts much more difficult by harassing and abusing Atkore personnel based on age, sex, and race.

11. All of this naturally exacerbated Ms. Jones's chronic, serious health condition, clinical severe depression and anxiety.

12. In the spring of 2019, Mr. Pollizzotto racially abused an Atkore co-worker, Blanchy Colon-Concepcion.

13. Ms. Jones responsibly initiated an inquiry into this incident via Atkore's ethics hotline.

14. The inquiry was handled by Atkore's combative and hostile Angel Lowe.

15. In early April of 2019, Ms. Lowe came to the Tampa PVC products facility to do an "investigation" and in doing so acted very confrontational towards Ms. Jones.

16. Shortly thereafter, on or about April 10, 2019, Ms. Jones was hospitalized due to a flareup of her chronic, serious health condition, sparked or exacerbated by the toxicity and hostility she had been experiencing at Atkore.

17. Ms. Jones therefore availed herself of a period of continuous unpaid leave pursuant to the FMLA in order to treat and address her serious health condition.

18. Ms. Jones's period of protected FMLA leave commenced on April 10, 2019, and ended on June 30, 2019.

19. While out on leave, Ms. Jones attempted to reach out to her Supervisor, Mindy Cline, on several occasions, in order to keep Ms. Cline and Atkore abreast of her progress.

20. Unlike Ms. Jones's prior utilization of FMLA leave in 2017 to have eye surgery, Ms. Cline was unresponsive and cold.

21. The day after Ms. Jones' FMLA leave ended, on July 1, 2019, Atkore informed Ms. Jones that it had decided to terminate her employment.

22. In doing so, Atkore failed to restore Ms. Jones to the same or equivalent position upon her return from FMLA leave.

23. The timing of Plaintiff's termination, immediately after availing herself to a period of protected FMLA leave, demonstrates that Defendant interfered with and retaliated against Ms. Jones for exercising her FMLA rights.

24. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of FMLA leave Defendant's actions likewise constitute FMLA retaliation.

25. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

26. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

27. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

28. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to restore Ms. Jones to the same or equivalent position upon her return from FMLA leave.

33. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff in her attempt to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave.

39. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take leave pursuant to the FMLA.

40. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for her attempted use of FMLA protected leave or for her use of what should have been FMLA protected leave, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 29th day of June 2021.


Respectfully Submitted,

By**:/s *Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*